| |
|---|
| **Hartill v Nunziata** |
| 2024 NY Slip Op 33263(U) |
| September 17, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 531507/2023 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
ADRIANE HARTILL, PAUL DISCALA and GERARD
DISCAL,

|                                        |                        |
|----------------------------------------|------------------------|
| Plaintiffs,                            | Decision and order     |
| - against -                            | Index No. 531507/2023  |
| JOHN NUNZIATA,                         |                        |
| Defendant,                             |                        |
| -and-                                  |                        |
| 156 AINSLIE ST., LLC.                  |                        |
| Nominal Defendant,                     | September 17, 2024     |

------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                    Motion Seq. #3


The defendant has moved pursuant to CPLR §2221 seeking to reargue a decision and order dated July 25, 2024 which denied a motion to dismiss the complaint. The plaintiffs oppose the motion. Papers were submitted by the parties and after reviewing all the arguments this court now makes the following determination.

As recorded in the prior decision, Andrew Nunziata the father of defendant John Nunziata and the grandfather of all three plaintiffs owned property located at 156 Ainslie Street in Kings County. Upon Andrew's passing the property was inherited by Andrew's children, defendant John Nunziata, Maria Discala, and Arthur Nunziata. On December 12, 2006 John created an entity called 156 Ainslie LLC which comprised of one asset, namely the property located at that address which was equally owned by John and Arthur and Maria. Maria passed away on July 7, 2007. The

[* 1]

children of Maria, the plaintiff's herein, have asserted ownership interests in the entity. They commenced this lawsuit seeking a declaratory judgement and an equitable accounting and claims against John for breaching his duty to the entity. The defendants counterclaimed asserting the plaintiff's are not members of the entity and thus cannot pursue any claims. In the prior decision the court held the plaintiff's were permitted to take the place of Maria and assert all rights to which Maria had the ability to assert including participating in all discovery exchanges.

Upon reargument the defendant asserts that only a duly appointed and qualified representative of Maria can assert claims on behalf of Maria. The defendant further asserts none of the plaintiff's maintain such rights therefore the court committed error by denying the motion to dismiss the complaint. As noted, the motion is opposed.

Conclusions of Law

A motion to reargue must be based upon the fact the court overlooked or misapprehended fact or law or for some other reason mistakenly arrived at in its earlier decision (Deutsche Bank National Trust Co., v. Russo, 170 AD3d 952, 96 NYS3d 617 [2d Dept., 2019]).

While the court did use the word "estate" in the prior decision that characterization did not intend to foreclose all

2

the plaintiff's from pursuing this action. As noted previously, Limited Liability Company Law §608 states that "if a member who is a natural person dies...the member's executor, administrator...or other legal representative may exercise all of the member's rights for the purpose of settling his or her estate or administering his or her property, including any power under the operating agreement of an assignee to become a member" (id). Thus, any person who is an executor or administrator or other legal representative of Maria may continue to exercise all of Maria's rights. Pursuant to SCPA §103(2),(20) an administrator is any person to whom letters of administration have been issued and an executor is any individual to whom letters testamentary have been issued. There has been no evidence presented that any of the plaintiff's have such necessary documentation to be either an executir or an administrator.

However, the term 'legal representative' is quite broad. A legal representative is one "who manages the legal affairs of another because of incapacity or death" (see, Black's Law Dictionary 1416-1417 [9th ed. 2009]). The Supreme Court has held that the term legal representative "is not necessarily restricted to the personal representatives of one deceased, but is sufficiently broad to cover all persons who, with respect to his property, stand in his place and represent his interest, whether transferred to them by his act or by operation of law" (Mutual

3

[*3]

<u>Life Insurance Company v. Armstrong</u>, 117 US 591, 6 S.Ct 877 [1886]).  Thus, at the pleading stage there are certainly sufficient allegations the plaintiffs are the legal representatives of Maria.  Thus, the plaintiff's are not suing in their individual capacities.  Nor is there a requirement that a representative be appointed before the assumption outlined in Limited Liability Company Law §608 may take place.  Rather, upon the death of a member the plaintiff's as representatives of Maria may continue to participate in the entity on behalf of Maria.  There is no formal designation that needs to take place beforehand.  Furthermore, the plaintiff's are not seeking claims on behalf of Maria.  The plaintiff's rather assume the rights of Maria upon her death and can act with all rights to which Maria was entitled.  Again, no formal designation is required to permit this assumption of rights.

Therefore, based on the foregoing, there is no basis to revisit the prior decision of the court.  Consequently, the motion seeking reargument is denied.  Likewise, the request to reargue the discovery determination is denied.

So ordered.

ENTER:

DATED: September 17, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

4

[*4]